IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02947-CYC

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALPHA BA, also known as Samba Ba,

      Defendant.

---

## MINUTE ORDER

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on July 24, 2026.**

Before the Court are two motions. The first, a motion submitted by the plaintiff, seeks to temporarily restrict at Level 1 several documents that it says contain sensitive information. ECF No. 7. The second, a motion to intervene submitted by Inner City Press, requests that the Court deny the plaintiff's request for restriction. ECF No. 8. The Court first addresses Inner City Press's motion.

As an initial matter, Inner City Press's motion fails to comply with this District's Local Rules. The motion, for example, fails to comply with D.C.COLO.LCivR 7.1(a), which requires that the filing party confer with opposing counsel before filing a motion. This alone is sufficient to deny the motion, *see United States v. Homes*, No. 12-cv-00390-MSK-MEH, 2012 WL 12873500, at *1 (D. Colo. Mar. 6, 2012), and as such, the motion, ECF No. 8, is **DENIED without prejudice**. Inner City Press may file a renewed motion after conferring with the plaintiff.

That leaves the plaintiff's motion. The plaintiff seeks Level 1 restriction of unredacted documents filed at ECF No. 2 until September 14, 2026. For the reasons that follow, the Court grants in part this temporary restriction.

"The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010) (citing *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). As a result, there is a presumption in favor of public access to judicial records that may be overcome where "countervailing interests heavily outweigh the public interests in access." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation marks omitted). "Therefore, the district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are

presumptively paramount, against those advanced by the parties." *Id*. (quotation marks and indication of internal modifications omitted). The burden is on the party seeking to restrict access "to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access." *Id*. (quotation marks omitted). Even with such an interest at play, "denial of public access to the record must be narrowly tailored to serve the interest being protected." *Whitaker v. Silver Key Bd. of Dir*., No. 19-cv-01052-RBJ-KMT, 2020 WL 2041349, at *2 (D. Colo. Apr. 28, 2020).

In this regard, the plaintiff asserts that the exhibits sought to be restricted contain the defendant's personal information, including date of birth, home address, and social security number. ECF No. 7 at 1. A review of the documents reveals that they contain sensitive information. As such, protecting the defendant's privacy interest in those documents outweighs the public's interest. *See, e.g.*, *Whitaker v. Silver Key Bd. of Directors*, No. 19-CV-01052-RBJ-KMT, 2020 WL 2041349, at *2 (D. Colo. Apr. 28, 2020) ("The court finds that Plaintiff's interests in not widely disclosing her condition, given its nature, heavily outweighs the public's interest in access to information that is not relevant to the merits of the case.").

Still, restrictions must be narrowly tailored. *See* D.C.COLO.LCivR 7.2(c). However, as the defendant has not been served, and the plaintiff is unable to confer with defendant or defendant's counsel, the Court will permit restriction of the documents until September 14, 2026. Accordingly, the plaintiff's motion, ECF No. 7, is **GRANTED**. But to extend restriction beyond September 14, 2026, the plaintiff must file a renewed motion that "specifically identifies: (1) the docket entry, (2) the specific page number(s), and (3) the specific information or line item to be redacted." *Benton v. Sw. Airlines*, No. 23-CV-02664-RMR-MDB, 2025 WL 1434718, at *1 (D. Colo. May 19, 2025). A failure to do so will result in the exhibits becoming unrestricted.